UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.,

    Defendants.

_____/

Case No. 1:22-cv-189

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Nevin P. Cooper-Keel initiated this *pro se* action against Defendants State of Michigan and Roberts Kengis. Defendant Kengis is the Chief Judge of the 48th Circuit Court for Allegan County, Michigan. Plaintiff voluntarily dismissed the State of Michigan, proceeding only on a First Amendment claim against Defendant Kengis in both his individual and official capacities. Defendant Kengis filed a motion to dismiss. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part the motion. The matter is presently before the Court on both parties' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Memorandum Opinion and Order.

    The Magistrate Judge makes the following three recommendations: (1) dismiss Plaintiff's individual capacity claim based on qualified immunity because Plaintiff has not demonstrated that

it was "clearly established" that hiding comments on a Facebook page violated the commenter's First Amendment rights (R&R, ECF No. 24 at PageID.256–260); (2) dismiss Plaintiff's official capacity claim for damages because the claim is barred by the Eleventh Amendment (*id.* at PageID.260–261); and (3) permit the official capacity claim for injunctive and declaratory relief to proceed (*id.* at PageID.261–262).

In his objection to the Magistrate Judge's first recommendation, Plaintiff argues that the absence of "any controlling caselaw exactly on point to this exact form of viewpoint discrimination" should instead compel the conclusion that "summary dismissal … is inappropriate" (Pl. Obj., ECF No. 26 at PageID.294–295). Plaintiff's argument lacks merit. As the Magistrate Judge properly set forth, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights "'of which a reasonable person would have known'" (R&R, ECF No. 24 at PageID.256, quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As the Supreme Court explained, if the law at the time an action occurred was not clearly established, then "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Harlow*, 457 U.S. at 818. Plaintiff's objection is properly denied.

In his objection, Defendant Kengis argues that this Court should reject the Magistrate Judge's third recommendation and instead dismiss this action in its entirety (Def. Obj., ECF No. 25 at PageID.265). According to Defendant, the *Ex Parte Young* exception to Defendant's sovereign immunity does not apply because "Plaintiff cannot demonstrate a claim for prospective injunctive relief" (*id.* at PageID.265–266). Defendant argues that "there is no possible prospective

injunctive relief available to Plaintiff capable of remedying any alleged harm he suffered" and that any declaratory relief is "futile" because "it is not clearly established that hiding all comments on a Facebook page violated his First Amendment rights" (*id.* at PageID.269).  Defendant's argument lacks merit.  As pointed out by the Magistrate Judge (R&R, ECF No. 24 at PageID.255), Plaintiff has requested an injunction preventing Defendant Kengis from continuing to violate his rights and directing him to "immediately turn the comments back on" the Facebook page and a declaratory judgment that Defendant Kengis has violated and continues to violate his First Amendment rights by censoring his comments (Am. Compl., ECF No. 14 at PageID.163–164).  Defendant's argument does not reveal any factual or legal error by the Magistrate Judge in permitting this portion of the case to proceed.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 25 & 26) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 24) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 15) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation.

Dated:  October 4, 2022     /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge