FILED - GR
January 10, 2023 2:58 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: JW / 1-10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

107 Federal Bldg, 410 W Michigan Ave, Kalamazoo MI 49007, (269) 337-5706

NEVIN P. COOPER-KEEL, JD
    Plaintiff Pro Se

Case No. 1:22-cv-00189-JMB

V.

Hon. Jane M. Beckering

Magistrate Judge Sally J. Berens

ROBERTS KENGIS, sued in his individual
and official capacities, Defendant.

## MOTION TO EXTEND TIME UNDER FED RULE 6(b)(1)(B) FOR EXCUSABLE NEGLECT

Plaintiff: Nevin P. Cooper-Keel, JD
3127 127th Avenue
Allegan, MI 49010
616.329.7077
Nevincooperkeel@gmail.com

Alexandra L. Page (P84663)
Rosati, Schultz, Joppich &
Amtsbuechler, P.C.
Attorney for Defenday Kengis
822 Centennial Way, Ste. 270
Lansing, MI 48917
(517) 886-3800, apage@rsjalaw.com
_____/

    Plaintiff Nevin P. Cooper-Keel, JD, states in support of his Motion to Extend time Under Fed Rule 6(b)(1)(B) for Excusable Neglect:

1. During the five days which this This Honorable Court generously gave me in its order dated November 29th, 2022, (ECF No. 41), I became aware that I'd become victim of a selective and malicious prosecution involving government actors related to this case.

2. On November 13th, 2022, around 4:30pm, I was followed out into a field connected to my home, a field I lease for farming, and one that I've hunted for the last 20 years and continue to hunt, by a cousin of mine who I also share 70 acres effectively as tenants in common for the purpose of hunting.

3. He followed me out to a secluded spot on those 70 acres, and after he refused to stop talking to me or following me, and including things like that my children don't love me and anything he could say to try to further an altercation, he then followed me all the way up to the curtilage of my house and then tried to break into my garage, at which point I called 911.

4. At or about 12:43am, November 14th, that cousin then contacted the DNR and reported to them that I was harassing him while he was hunting the day before.

5. That Cousin did that to try to obscure his own actions of harassing me and attempting a home invasion, inter alia, in that same incident.

6. While I took 16.5 minutes of video of the incident, beginning with that cousin approaching me in the field, including preserving 4.5 minutes of video from my home when that cousin attempted to break into my garage, and a text message from my guest who was with me from earlier in the day asking me to show him around the property I'd invited him to hunt, and while I offered them to the DNR officer investigating – that officer wasn't particularly interested in that and has never viewed or asked to view them.

7. On November 30th, 2022, the same Allegan County Prosecutor, Myrene Koch, who was discovered to have been engaged in ex parte communications with proposed Defendant Margaret Bakker, and who Defendant Roberts Kengis also was involved in these ex parte communications and recused himself as judge in

the same case that the story I posted in my facebook comment that was deleted by Defendant, in *State of Michigan v. Daniel Loew*, MSC 164133 (presently docketed), and in which case I have made motion to file an amicus brief in – Prosecutor Koch filed a misdemeanor complaint against me charging me with 'Hunter's Harassment', under MCL 324.40112. (Exhibit 1)

8. Allegan County Prosecutor Koch has around ten assistant prosecutors who could have handled the matter.

9. Upon info and belief, Prosecutor Koch was concerned that none of them would authorize charges in the matter because there was no probable cause to do so, but was motivated by ulterior motives to abuse the legal process against a litigant she wanted to prevent from contending with this case, inter alia.

10. Upon info and belief - unless her habits of ex parte communications with Judges Bakker and Kengis have ceased, which is unlikely with humans being creatures of habit - Prosecutor Koch is aware of the circumstances of this case and/or other in which she, the Defendant, the proposed Defendant, and myself are interested parties.

11. On November 30th, 2022, I was notified by that DNR officer that charges were pending against me and that I'd been ordered to submit myself for fingerprinting at the Allegan County Courthouse as a condition of my personal recognizance charge on the bond.

12. On December 1st, 2022, I filed demand for discovery, pursuant to MCR 6.201 and a motion for a bill of particulars in that misdemeanor case in Allegan's 57th District Court, case no. 22-33776-SM.

13. While even civil cases require pleadings with sufficient specificity to proceed, Michigan does not require a grand jury, nor even a pleading with sufficient specificity of any substantiating facts or allegations, other than a conclusion of law to be stated that probably a particular crime has been committed, to launch a criminal prosecution.

14. That is a process which I believe as a whole to be unconstitutional, as it opens up the door to unconstitutional abuses of process like the one I've experienced during the five days This Court gave me to file the brief and certificate for the motion to amend pleadings and add parties in this case.

15. I also had to make an ex parte motion for a change of bond conditions on December 2nd, 2022, to allow for me to leave the state of Michigan for some pre-planned out of state activities with my children the weekend of December 3rd, 2022.

16. Defendant Kengis has heretofore refused to recuse himself from any cases I am a party to in the 48th Circuit Court.

17. Defendant Kengis is using his office as an unconstitutional and unfair position for which to deter me from and interfere with my ability to timely respond to matters in this case.

18. That cousin of mine who followed me out to a field and then called the DNR on me, also, while following me back to my house and which I have video of, referenced a civil case in which our mothers are adverse parties and tried to use his continued harassment to extort me into convincing my mother (and our aunt, who is also suing his mother) to settle with his mother.

19. Regardless of whether these unethical, unconstitutional, and potentially criminal tactics were designed to deter my ability to contend with this case, the effect of them was that it did interfere with my ability to timely submit to this case and allowing litigants to harass adverse parties during a case in a way that does that does not amount to a fundamentally fair proceeding if all other time deadlines are held to a lawful standard that those other adverse parties are not held to.

20. I have also motioned the Michigan Supreme Court in MI Sup Ct case no. 164133 to allow me to submit an amicus brief.  This is the same case that the Defendant, Prosepective Defendant, and Prosecutor Koch were all caught making ex parte communications about the case during trial, and happens to be the same case the news article I posted to the 48th Circuit Court's facebook page was about them getting caught rigging and then recusing themselves from.

21. The MI Supreme Court is presently accepting and considering amicus briefs, and I also believe the malicious prosecution referenced herein against me was meant to impede my ability to amicus brief that case.

22. Any parties involved in the selective and/or maliciousness of the prosecution against me can expect malicious prosecution complaints from me as soon as the claim ripens.

23. Wherefore, please allow my brief in support of my amended pleadings to be admitted under excusable neglect for not submitting it within the 5 day abeyance. (Exhibit 2).

Wherefore, please allow my brief in support of my amended pleadings to be admitted under excusable neglect for not submitting it within the 5 day abeyance.

Respectfullly Submitted,

_____
Nevin P. Cooper-Keel, JD 1.10.23